# No. 24-1549, 24-1223

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

DW AINA LE'A DEVELOPMENT, LLC.,
*Plaintiff-Appellant*,
v.
STATE OF HAWAII, LAND USE COMMISSION;
STATE OF HAWAII AND
DOE GOVERNMENTAL UNITES 1-10,
*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of Hawaii
Case: CV 17-00113-SOM-WRP
Honorable Susan Oki Mollway

**APPELLANT'S OPENING BRIEF**

Sang J. Peter Sim
**SIM & DEPAOLA, LLP**
42-40 Bell Blvd, Ste 405
Bayside, New York 11361
(718) 281-0400
petersimesq@yahoo.com
*Appellate Counsel for Plaintiff-Appellant*
DW Aina Le'a Development, LLC.,

## **FRAP 26.1 DISCLOSURE STATEMENT**

Appellate Counsel for Appellant DW AINA LE'A DEVELOPMENT, LLC.,

certifies that it has no parent corporation and no publicly traded corporation

currently owns 10% or more of its stock.

Date: June 20, 2024

SIM & DEPAOLA, LLP

__/s/ Sang J. Sim___
Sang J. Sim
*Appellate Counsel for Plaintiff-Appellant*
DW AINA LE'A DEVELOPMENT, LLC.

i

# TABLE OF CONTENTS

Page

FRAP 26.1 DISCLOSURE STATEMENT ....................................... i

TABLE OF CONTENTS ....................................... ii

TABLE OF AUTHORITIES ....................................... iv

STATEMENT WITH RESPECT TO ORAL ARGUMENT ................ 1

PRELIMINARY STATEMENT ....................................... 1

JURISDICTIONAL STATEMENT ....................................... 3

ISSUES PRESENTED ....................................... 4

STATEMENT OF CASE ....................................... 4

THE DECISION AND ORDER OF THE DISTRICT COURT ............ 13

SUMMARY OF ARGUMENTS ....................................... 15

ARGUMENTS ....................................... 16

    A. STANDARD OF REVIEW ....................................... 18

    B. AINA LE'A DEVELOPMENT LLC SHOULD BE
    PERMITTED TO PROSECUTE AINA LE'A INC.'S AND
    AINA LE'A LLC'S TAKINGS CLAIMS ALONGSIDE
    DW'S CLAIM ....................................... 18

    C. AINA LE'A INC. AND AINA LE'A LLC SHOULD BE
    PERMITTED TO BE JOINED AS PARTIES UNDER
    FRCP 17(a)(3) ....................................... 21

    D. PLAINTIFF SHOULD BE PERMITTED TO EXTEND
    DEADLINE TO SUBMIT EXPERT REPORT ................ 25

## <u>TABLE OF CONTENTS</u>

**Page**

E. DW BECAME A LIEN HOLDER OF ALL CLAIMS
BELONGING TO AINA LE'A INC. AND AINA LE'A LLC ..... 27

F. UPON REVERSAL, THE SCHEDULING ORDER
SHOULD BE AMENDED TO PERMIT DW TO SUBMIT
EVIDENCE, INCLUDING EXPERT OPINION IN REGARD
TO AINA LE'A INC. AND AINA LE'A LLC'S DAMAGES ..... 29

Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6 ..... 31

Form 8. Certificate of Compliance for Briefs ..... 32

Form 18. Certificate for Paper Copy of Electronic Brief ..... 33

# TABLE OF AUTHORITIES

**Cases**       **Page**

Ahanchian v Xenon Pictures, Inc.,
624 F3d 1253 [9th Cir 2010] .......................................... 26

Big John, B.V. v Indian Head Grain Co.,
718 F2d 143 [5th Cir 1983] ............................................ 24

Decorative Ctr. of Houston v Direct Response Pub.,
264 F Supp 2d 535 [SD Tex 2003] ................................. 19

Dubuque Stone Products Co. v Fred L. Gray Co.,
356 F2d 718 [8th Cir 1966] ............................................ 19

DW Aina Le'A Dev., LLC v Bridge Aina Le'A, Llc.,
339 P3d 685 [Haw 2014] .................................................. 7

DW Aina Le'a Dev., LLC v Haw. Land Use Comm'n,
477 P3d 836 [Haw 2020] .................................................. 7

DW Aina Le'A Dev., LLC v Haw. Land Use Comm'n,
918 F3d 602 [9th Cir 2019] .............................................. 7

EDIS v EDIS,
742 P2d 954 [Colo App 1987] ........................................ 20

Goodman v U.S.,
298 F3d 1048 [9th Cir 2002] .......................................... 22

Johns v. County of San Diego,
114 F.3d 874, 876 (9th Cir. 1997) ................................... 18

Macondo's Profit Corp. v Motorola Communications,
863 F Supp 148 [SDNY 1994] ....................................... 20

# TABLE OF AUTHORITIES

**Cases**                                                          **Page**

Malikyar v Sramek
[ND Cal, Nov. 12, 2008, C 07-03533 WHA] ........................ 20

Morton v GTE Southwest Inc. (Wieburg),
272 F3d 302 [5th Cir 2001] ....................................... 19,25

Naghiu v Inter-Continental Hotels Group, Inc.,
165 FRD 413 [D Del 1996] ......................................... 19,25

Pioneer Investment Services Company v Brunswick Associates Limited
Partnership, 507 US 380 [1993] .................................... 26,27

Shaw v Railway Co.,
100 W Va 368 [W Va 1925] ......................................... 21

Sprint Communications Co. v APCC Services, Inc.,
554 US 269 [2008] ................................................ 20,24

Trustees of Constr. Industry v Desert Valley Landscape & Maintenance,
Inc., 64 F App'x 60 [9th Cir 2003] ............................... 18

U-Haul Intern., Inc. v Jartran, Inc.,
793 F2d 1034 [9th Cir 1986] ...................................... 21,23

Va. Elec. Power v Westinghouse Elec,
 485 F2d 78 [4th Cir 1973] ....................................... 20,22

Wray v Lumber Co.,
101 W Va 619 [W Va 1926] ......................................... 21

**Statues**                                                        **Page**

Fed.R.Civ.P. 6(b)(1)(B). .......................................... 26

Fed.R.Civ.P. 17 ............................... 2,4,13,17,21,22,23,24

Fed.R.Civ.P. 17(a)(1). ............................................ 21

## STATEMENT WITH RESPECT TO ORAL ARGUMENT

Plaintiff-Appellant, DW Aina Le'a Development, LLC does not request oral arguments but seeks to submit this appeal on submission only.

## PRELIMINARY STATEMENT

As an initial matter, the instant case has been appealed on two prior occasions. On the last appeal, the Plaintiff, DW Aina Le'a Development LLC appealed the decision of the District Court by which the Court denied the Plaintiff-Appellant's motion to add additional parties, namely its related entities, DW Aina Le'a Inc. (formerly DW Aina Le'a LLC) in order to assert all damages arising from the takings in this case and the District Court's decision holding that the Plaintiff lacked standing to commence and maintain the instant action. The Ninth Circuit Court of Appeal reversed the Decision and Order of the District Court and the matter was remanded to the District Court.

Upon remand, the District Court decided that the Ninth Circuit only reversed certain aspects of its Decision and Order and asserted that the Ninth Circuit affirmed most of its holding even on the issue of permitting DW to add DW Aina Le'a Inc and DW Aina Le'a LLC as parties or to permit the

1

Plaintiff-Appellant to assert all damages including Aina Le'a Inc. and Aina Le'a LLC's damages despite the fact that there was a valid assignment of rights for the Plaintiff-Appellant to do so. The District Court rejected this argument and compelled the parties to litigate the matter based on its holding as to what the Ninth Circuit Court of Appeals reversed and affirmed.

Immediately after the District Court rendered its decision in regard to its interpretation of the Ninth Circuit decision, the Plaintiff-Appellant filed its motion seeking to add Aina Lea Inc. and Aina Lea LLC as parties pursuant to Rule 17 and to reset the scheduling order to permit the Plaintiff-Appellant to submit an expert report. Alternatively, the Plaintiff-Appellant also requested the District Court to permit the Plaintiff-Appellant to prosecute the matter asserting its own damages as well as Aina Le'a Inc and Aina Le'a LLC's damages pursuant to the valid assignment of rights. This motion was denied in its entirety and is subject to this appeal.

The Ninth Circuit Court of Appeals recognized that the Plaintiff-Appellant was entitled to receive the repayment of the first $17 million from Aina Le'a Inc.'s claims. Despite this fact, the District Court held that DW could not assert any damages belonging to Aina Lea Inc., including any damages that would be limited to only $17 million. The Plaintiff-Appellant

2

is requesting review of this Decision and Order from the Court. As a result of the decisions and orders from the Court denying the addition of Aina Lea Inc. as a party, the preclusion of any damages belonging to Aina Lea Inc, including the first $17 million of damages and the Court denial to reset the scheduling order to permit the Plaintiff-Appellant to submit an expert report, the Plaintiff-Appellant's presentation of its case was significantly limited and prejudicial. As such, in the event that this Court permits adding the additional parties or permits the Plaintiff-Appellant to assert claims belonging to Aina Le'a Inc. and Aina Le'a LLC, then the Court should also reverse all subsequent decisions that were premised on the preclusion of these damages.

## JURISDICTIONAL STATEMENT

Subject matter jurisdiction in the District Court was proper since the issue presented in this action is a direct constitutional action under the Fifth Amendment to the U.S. Constitution and Article I Section 20 of the Hawaii Constitution. As the District Court noted in its decision and order, the parties agreed that there was no jurisdictional bar to the District Court's proceedings.

3

This Court has jurisdiction under 28 U.S.C. §1291 because this is an appeal from a final Order and Judgment entered by a District Court within this Circuit pursuant to Rule 54(b). Appellant timely filed its Notice of Appeal on June 20, 2017 which was entered on June 20, 2017 with the Clerk in the United States District Court for the District of Hawai῾i.

## ISSUES PRESENTED

1.    Whether the District Court erred in concluding that the Appellant may not add Aina Lea Inc and Aina Lea LLC as additional parties pursuant to Rule 17.
2.    Whether the District Court erred in ignoring the assignment of all rights of Aina Lea Inc. and Aina Lea LLC to permit the Appellant to assert all damages sustained by the Plaintiff-Appellant group of companies.
3.    Whether the District Court erred in refusing to permit the Appellant from asserting Aina Lea Inc. and Aina Lea LLC damages, even up to the first $18 million.
4.    Whether the District Court erred in denying the reset of the scheduling order to permit the Appellant to submit an expert report
5.    Whether the scheduling order should be reset to permit DW to provide discovery and expert report on all damages sustained by DW and its affiliated entities, including Aina Lea Inc and Aina Lea LLC.

## STATEMENT OF CASE

The instant action involves the improper reclassification of land from urban designation to agricultural designation of land that constitutes a

4

takings that requires just compensation. The property itself is 1,060 acres of land located in South Kohala on Hawai'i Island.

On February 9, 2009, Plaintiff, DW Aina Le'a Development, LLC, ("DW") entered into a Purchase Agreement and a Joint Venture Agreement with Bridge Aina Le'a Inc., to develop the property. [1-ER-0115] DW became the beneficial owner of the Project with property rights in the development. DW then developed the master plan to complete the processing required to start development of the Project, including construction of the initial infrastructure and construction of affordable housing units, which would be the first units developed for the Project. [3-ER-0760] DW expended significant capital and resources into the development of the land, including the low-cost affordable housing, which entailed building the infrastructure as well as grading the entire affordable housing parcels. [3-ER-0769] Direct capital investment into just building the affordable housing was more than $28 million, which does not include interests costs as well as other costs associated with developing the project.

Prior to the reversion of land, DW participated in the proceedings before the LUC. [2-ER-0649] DW submitted a written petition to the LUC to be made a co-petitioner with Bridge, which was approved. [1-ER-0246] The

5

State of Hawai'i did not object to DW being a co-petitioner before the Land Use Commission. The petition notified the LUC that a reclassification of the Property from Urban to Agricultural use would make it impossible and economically impractical for DW to proceed with its plans to develop the Project, including the 385 affordable housing units. [1-ER-0265-0266, 3-ER-0766] DW stated that the development of the Project is predicated on the Property remaining Urban. On May 27, 2009, DW supplemented its May 21, 2009 petition with additional material showing its progress and its substantial commencement.

DW detailed the extent of work done on the affordable housing site, which included: construction of the utility and sewer lines; identification and staking of offsite easement corridors and wastewater treatment plant; construction of 16 townhouses; substantial and partial construction of an additional 72 townhouses; and construction of pads for an additional 24 townhouse complexes as well as grading the entire affordable housing parcel for the entire buildout of affordable housing. [1-ER-0287]

On April 25, 2011, the LUC entered the Order Adopting Proposed Findings of Fact, Conclusions of Law, and Decision and Order Reverting the Petition Area, as Amended as Commission's Final Decision in Docket No.

A87-617 ("2011 Order") to agricultural. Both DW and Bridge appealed the 2011 Order. [1-ER-0286, 0287]

On appeal, the matter was ultimately heard by the Hawaii Supreme Court. On November 25, 2014, the Hawaii Supreme Court rendered its decision in *DW Aina Le'a Development, LLC v. Bridge Aina Le'a, LLC,* 134 Haw. 187, 339 P.3d 685 (2014). [1-ER-0230] The Supreme Court upheld the trial court's invalidation of the Land Use Commission's reclassification ruling by holding that the reclassification was improper since DW had "substantially commenced" work on the property. [1-ER-0230-0306]

Subsequently, the State sought dismissal of the Plaintiff-Appellant's complaint arguing that the statute of limitations had expired. The District Court agreed and dismissed the matter. The Plaintiff-Appellant appealed that decision to the Ninth Circuit Court of Appeals. The Ninth Circuit certified the question to the Hawaii Supreme Court. *DW Aina Le'a Dev., LLC v. Haw. Land Use Commission,* 918 F.3d 602 (9th Cir. 2019) The Hawaii Supreme Court held that the statute of limitations to commence a regulatory takings claim is six years and thus, DW's claims were deemed timely filed. *DW Aina Le'a Dev., LLC v. Haw. Land Use Commission,* 477 P.3d 836 (Haw. 2020)

7

In January 2012, the parties executed the Partial Assignment of Amended and Restated P&SA, which assigned DW's rights to purchase residential parcels to its wholly owned entity, Aina Le'a LLC. Later in 2012, Aina Le'a LLC converted to Aina Le'a Inc., which was also a wholly owned entity of DW in order to mitigate the damages that arose from the improper reversion of land from urban designation to agricultural designation. [5-ER-1847]

On November 17, 2015, DW through its subsidiary purchased the residential parcels from Bridge. [1-ER-0033] The entity Aina Lea LLC was converted to Aina Lea Inc. in order to mitigate its damages arising from the improper reversion of land by the LUC. [1-ER-0111] It was decided by DW that due to the improper reversion, DW had debt that continued to accrue while its ability to develop the land was stifled by the improper reversion. [2-ER-0663] In order to mitigate the damages arising from the improper reversion, the debt was converted to equity in the new Aina Le'a Inc. As a practical matter, this was a necessary step in mitigating the damages since there were absolutely no lenders that would lend on the Property with its existing debt structure. [5-ER-1962]

In total, DW made direct capital investments into the project

8

amounting to $71 million with added interest costs amounting to over $47 million. Further, as a result of the improper reversion of land by the Defendants, the Plaintiff was compelled to seek bankruptcy protection for the Project. [1-ER-0008] In Bankruptcy, the instant claim was disclosed in order to preserve all claims. In 2022, Aina Le'a LLC and Aina Le'a Inc. assigned all of their rights to the takings claim to DW Development LLC. During the Bankruptcy petition, it was agreed that Aina Le'a LLC and Aina Le'a that from its share of profits, DW would also be entitled to the first $17 million. [4-ER-1452] Thus, DW has a right to the first $17 million from Aina Le'a LLC and Aina Le'a Inc., even if the monies came from the takings claim. As such, DW has a right to assert claims on behalf of Aina Le'a LLC and Aina Le'a Inc., especially the first $17 million in damages.

Aina Le'a LLC was formed as a subsidiary of DW Aina Le'a Development, LLC. [3-ER-1161] Aina Le'a LLC was formed because in all development projects that have multiple zonings, the development subdivides the various properties along zoning lines. The subdivided parcels are then placed in separate development subsidiaries for several reasons:

    a.  It requires less financial assurance or bonding to build the infrastructure in a smaller subdivision.
    b.  It is easier to borrow funds in a subdivided property

   c. A construction lender normally requires a separate sole purpose corporate entity to be its construction borrower
   d. The developer can close out a subdivision and have the homeowners take over the maintenance by subdivided parcels rather than have the owners having to wait until a larger area is finished.
   e. Marketing of homes in a subdivision provides better pricing flexibility, identification and completion of subdivided phases.
   f. The contractor liabilities are limited to only that subdivision.
   g. It is easier to obtain insurance for a subdivision in construction without affecting the insurance on a larger parcel.
   h. Subsidiaries, which hold smaller like zoned parcels build better local communities

In DW's case, all of the above factors were relevant as to why Aina Le'a LLC was formed. The subdivision allowed its subsidiary, Aina Le'a LLC, to independently raise construction funds without requiring the balance of the 1,099 acres as security. It also allowed the infrastructure to be finished to accommodate the 385 affordable homes ahead of the balance of the property. As such, the decision was made to make Aina Le'a LLC a title holder of the property in order to facilitate the advancement of the development while DW remained as the master developer for the development.

In total, DW made direct capital investments into the project amounting to $71 million with added interest costs amounting to over $47

million. Further, as a result of the improper reversion of land by the Defendants, the Plaintiff was compelled to seek bankruptcy protection for the Project. In Bankruptcy, the instant claim was disclosed in order to preserve all claims. It certainly was not the intent to relinquish all existing claims but rather, to ensure that any and all monies collected on the case would be for the benefit of Aina Le'a Inc. Thus, Aina Le'a became a lien holder for the proceeds from the instant action. As a practical matter, it would have been impossible for Aina Le'a Inc. to commence an action against the Defendants at the time of Bankruptcy protection since the statute of limitations would have expired on the instant case.

To be clear, DW intended to maintain its claims against the State. In fact, DW retained interests in the Property by ensuring that the first $17 million recovered from the instant action or by profits from the Property would be retained by DW. The right to $17 million was preserved via Agreement.

The State had filed a motion to dismiss asserting that DW lacked standing to commence this action since the damages belonged to Aina Le'a LLC and Aina Le'a Inc and not DW. DW also filed a motion to add additional parties, Aina Le'a LLC and Aina Le'a Inc. Further, Aina Le'a

11

LLC and Aina Le'a Inc. assigned all of their rights to prosecute its takings claims to DW. The District Court denied Plaintiff's application to add parties and to permit DW to assert claims belonging to Aina Le'a LLC and Aina Le'a Inc. in accordance with the assignment of such rights. The District Court also granted the State's motion to dismiss holding that DW lacked standing. The two decisions were appealed and was heard before this Court. This Court reversed and remanded the District Court's holding. Upon remand, the District Court held a hearing at which time it stated that the Ninth Circuit only reversed the dismissal based on standing but affirmed on all other grounds.

Upon learning of the District Court's interpretation of the Ninth Circuit decision, the Plaintiff-Appellant filed a motion to join parties pursuant to Rule 17 or alternatively to permit the Plaintiff-Appellant to assert all claims belonging to Aina Le'a LLC and Aina Le'a Inc. in conformity with the assignment of such rights. The Plaintiff-Appellant also made an application to amend the scheduling order to permit the Plaintiff-Appellant to submit an expert report for its case in chief. The District Court denied Plaintiff-Appellant's motions.

The District Court held that the Plaintiff-Appellant would be

12

precluded from presenting damages that belonged to Aina Lea Inc. and Aina Le'a LLC. The District Court also held that DW may not present damages belonging to Aina Lea Inc. and Aina Lea LLC even though DW was entitled to receive the first $17 million from these related entities. In this respect, DW argued that it should, at a minimum, be permitted to present damages for at least $17 million in damages since these damages would belong to DW. The District Court rejected this argument. As such, based on these decisions, the District Court made various holdings in response to further motions and in limine motions that significantly restricted DW's ability to present its damages at the time of trial. Thus, this appeal ensues.

## **THE DECISION AND ORDER OF THE DISTRICT COURT**

The District Court in its ruling on summary judgment provided "Even had DW not conceded at the hearing a few days ago that it would lack a viable claim in the absence of being able to pursue Aina Le'a's damages, Hawaii would be entitled to summary judgment on the merits of the claim. [1-ER-0005]

The District Court noted that "DW has twice sought to include Aina

Le'a's claims in this case. Both times, DW was unsuccessful." [1-ER-0008]

The District Court went further to provide:

> Aina Le'a may have assigned its takings claim to DW in March 2022 in a document backdated to December 30, 2015. See ECF No, 142-17, PageID #s 3672-73. That document has a questionable provenance, but even if that assignment occurred, the takings claims did not belong to DW at the time the Complaint was filed in 2017. Certainly, the Complaint does not assert Aina Le'a's claims. Aina Le'a's claims (whether belonging to Aina Le'a or assigned to DW) are not now part of this case. These circumstances caused this court to grant Hawaii's Motion in Limine No. 8, thereby precluding DW from presenting evidence at trial of Aina Le'a damages. *See* ECF No. 284, PageID #s 10558-59.

> Aina Le`a's bankruptcy filing demonstrates that the companies viewed themselves as separate entities. Moreover, Aina Le`a allegedly agreed to pay $14 million more for the property than DW had contracted to pay Bridge. DW and Aina Le`a have distinguished between themselves as separate entities on multiple occasions, and this court maintains that distinction.

> The only claim before this court at this time involves DW's right to possess the property during the takings period, not the development rights for the property. During the applicable takings period, DW allegedly had a contractual right to purchase the property that allowed it to take immediate possession of the property. That contract never closed, and Bridge ultimately sold the property to Aina Le`a instead. This court concluded in earlier proceedings that there were questions of fact with respect to DW's possessory rights to the property but ruled that DW lacked standing to pursue a claim based on possessory rights because DW had transferred those rights to its subsidiary, Aina Le`a. The Ninth Circuit reversed that ruling,

14

holding that this court had "erred by concluding that DW lacked Article III standing." Specifically, the Ninth Circuit said, "DW holds an unsecured note that obligates Aina Le`a to pay DW $17 million after the sale of the residential portion of the property."

DW conceded at a recent hearing on remand that there was never a physical note through which Aina Le`a was obligated to pay DW $17 million. *See* Transcript of Proceedings (Dec. 5, 2023), ECF No. 194, PageID # 4924 ("I do not believe that there's a physical note"). The "unsecured note" referred to by the Ninth Circuit is therefore not reflected in an actual document. Instead, the claimed $17 million obligation apparently arose from a January 2012 agreement through which DW assigned its rights to the residential property to Aina Le`a. The parties to the agreement said that, if Aina Le`a acquired the residential property, "AINA LE`A shall pay DW for this assignment[] the sum of $17,000,000, to be paid by AINA LE`A issuing its unsecured note, which note shall then be paid from the proceeds of future parcel resales." *See* ECF No. 142-15, PageID # 3637.

Given the record, this court has granted Hawaii's Motion in Limine No. 7, to the extent that motion sought to preclude DW from introducing evidence suggesting that a $17 million note actually exists or offering evidence of the purported terms of a nonexistent note. *See* ECF No. 284, PageID #s 10557-58. This court, bound by the Ninth Circuit's ruling that DW has standing to assert its temporary regulatory takings claim, confines DW's standing to a takings claim relating to DW's right to possess the residential property during the applicable takings period.

[1-ER-0008-0010]

## SUMMARY OF ARGUMENTS

It is unrefuted that DW retained interests in the Property by ensuring that the first $17 million recovered from the instant action or by profits from the Property would be retained by DW. The right to $17 million was preserved via Agreement.

The State had filed a motion to dismiss asserting that DW lacked standing to commence this action since the damages belonged to Aina Le'a LLC and Aina Le'a Inc and not DW. DW also filed a motion to add additional parties, Aina Le'a LLC and Aina Le'a Inc. Further, Aina Le'a LLC and Aina Le'a Inc. assigned all of their rights to prosecute its takings claims to DW. The District Court denied Plaintiff's application to add parties and to permit DW to assert claims belonging to Aina Le'a LLC and Aina Le'a Inc. in accordance with the assignment of such rights. The District Court also granted the State's motion to dismiss holding that DW lacked standing. The two decisions were appealed and was heard before this Court. This Court reversed and remanded the District Court's holding. Upon remand, the District Court held a hearing at which time it stated that the Ninth Circuit only reversed the dismissal based on standing but affirmed on all other grounds.

Upon learning of the District Court's interpretation of the Ninth

16

Circuit decision, the Plaintiff-Appellant filed a motion to join parties pursuant to Rule 17 or alternatively to permit the Plaintiff-Appellant to assert all claims belonging to Aina Le'a LLC and Aina Le'a Inc. in conformity with the assignment of such rights. The Plaintiff-Appellant also made an application to amend the scheduling order to permit the Plaintiff-Appellant to submit an expert report for its case in chief. The District Court denied Plaintiff-Appellant's motions.

The District Court held that the Plaintiff-Appellant would be precluded from presenting damages that belonged to Aina Lea Inc. and Aina Le'a LLC. The District Court also held that DW may not present damages belonging to Aina Lea Inc. and Aina Lea LLC even though DW was entitled to receive the first $17 million from these related entities. In this respect, DW argued that it should, at a minimum, be permitted to present damages for at least $17 million in damages since these damages would belong to DW. The District Court rejected this argument. As such, based on these decisions, the District Court made various holdings in response to further motions and in limine motions that significantly restricted DW's ability to present its damages at the time of trial. Thus, this appeal ensues

## **ARGUMENTS**

### **A. STANDARD OF REVIEW**

The standard of review in reviewing a District Court's grant of the State's summary judgment motion are reviewed de novo. *Cashman v. City of Cotati*, 374 F.3d 887, 892 (9th Cir. 2004). Standing is a question of law, and it is also reviewed de novo. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). Further, whether a district court had supplemental jurisdiction is reviewed de novo. *Trustees of Constr. Industry v Desert Valley Landscape & Maintenance, Inc.,* 64 F App'x 60 [9th Cir 2003]

### **B. DW AINA LE'A DEVELOPMENT LLC SHOULD BE PERMITTED TO PROSECUTE AINA LE'A INC.'S AND AINA LE'A LLC'S TAKINGS CLAIMS ALONGSIDE DW'S CLAIM**

[P]roper ratification requires [the] ratifying party to authorize continuation of [the] action and agree to be bound by the result." *Wieburg,* 272 F.3d at 307 (citing *Naghiu v. Inter-Continental Hotels Group, Inc.,* 165 F.R.D. 413, 421 (D.Del.1996)).

Courts have found that assignments, executed after suit has been filed but before trial, are valid so long as the defendant suffers no prejudice. *See, e.g., Dubuque Stone Prods. Co. v. Fred L. Gray Co.,* 356 F.2d 718, 723–24

18

(8th Cir.1966) ("We cannot accept [the defendant's] argument that the assignment was invalid because it was made after this suit had been filed ... [, where] [t]he assignment occurred after filing, but before trial, and [the defendant] suffered no prejudice therefrom ...."); *Decorative Ctr. of Houston, L.P. v. Direct Response Pubs., Inc.,* 264 F.Supp.2d 535, 543–44 (S.D.Tex.2003) (finding that plaintiff had standing to bring suit even though assignment providing basis for suit was made one year after the initiation of litigation, after the close of discovery, and after defendant moved for summary judgment, where there was no prejudice to defendant based on the timing of the assignment); *Malikyar v. Sramek,* No. C07–03533, 2008 WL 4891020 at *4 (N.D.Cal. Nov. 12, 2008) ("An assignment made after the suit has been filed is not invalid if the assignment was made before trial, and the defendant is not prejudiced ... [and] ... does not ... lose the right to assert any defenses against the assignee which it could have asserted against the assignor.").

The assignment gives the assignee "the present right to pursue this litigation." *Macondo's Profit Corp. v. Motorola Communications Elec., Inc.,* 863 F. Supp. 148, 150 (S.D.N Y 1994).

19

It is well settled that a party may assign its legal stake in any litigation to an assignee. *See Sprint Communications Co. LP v. APCC Services, Inc.,* 128 S. Ct. 2531 (2008). Where a claim has been assigned, the assignee becomes the real party in interest with the right to maintain the action. *Edis v. Edis*, 742 P.2d 954, 955 (Colo.App. 1987).

In this case, both Aina Le'a Inc. and Aina Le'a LLC ratified through a written consent agreement agreeing and granting DW Aina Le'a Development LLC an assignment of its rights to prosecute the takings claim against the State. As such, this agreement permits the Plaintiff to present all of their claims at trial. Therefore, the District Court should have permitted Plaintiff-Appellant to present Aina Le'a Inc. and Aina Le'a LLC's damages against the Defendants.

Where an assignment is made by plaintiff in an action after suit brought, the assignee acquires the right to control the action, and his rights as assignee will be protected. The assignment operates as an implied authority from the assignor to the assignee to use the assignor's name to protect the rights assigned; but there must be notice of the assignment to bind the debtor." *See* also *Shaw* v. *Railway Co.*, 100 W. Va. 368; *Wray* v. *Lumber Co.*, 101 W. Va. 619.

## C. AINA LE'A INC. AND AINA LE'A LLC SHOULD BE PERMITTED TO BE JOINED AS PARTIES UNDER FRCP 17(a)(3)

It is respectfully submitted that the District Court should have permitted the Plaintiff-Appellant to add the additional parties pursuant to Rule 17(a). Generally, Rule 17 provides that " [a]n action must be prosecuted in the name of the real party in interest." *See* Fed.R.Civ.P. 17(a)(1). The real party in interest under Rule 17 is the party with the right to enforce a claim under the applicable substantive law. *See U-Haul Intern., Inc. v. Jartran, Inc.,* 793 F.2d 1034, 1038 (9th Cir.1986) ( " [Rule 17] allows a federal court to entertain a suit at the instance of any party to whom the relevant substantive law grants a cause of action." ); *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.,* 485 F.2d 78, 83 (4th Cir.1973) (" The meaning and object of the real party in interest principle embodied in Rule 17 is that the action must be brought by a person who possesses the right to enforce the claim and who has a significant interest in the litigation. Whether a plaintiff is entitled to enforce the asserted right is determined according to the substantive law." ).

21

It is well settled that No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest. Rule 17 applies to failure to prosecute an action in the name of the real party in interest and allows the real party in interest to ratify, join, or substitute and the action to proceed. Federal Rule of Civil Procedure 17(a), which addresses real parties in interest, provides that an action shall not be dismissed. *Goodman v. United States,* 298 F.3d 1048 (9th Cir. 2002).

Rule 17(a) of the Federal Rules of Civil Procedure provides that " [e]very action shall be prosecuted in the name of the real party in interest." Rule 17(a) recognizes that a " court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed.R.Civ.P. 17. In *U-Haul,* the Ninth Circuit provided the

22

plaintiff the opportunity to seek ratification from the other real parties in interest before it would consider finding that the plaintiff lacked standing. *U-Haul Intern., Inc. v. Jartran, Inc.,* 793 F.2d at 1040.

Here, the relevant substantive law grants Plaintiff a cause of action. In this case, Aina Le'a Inc. and Aina Le'a LLC transferred their interest in this action through an assignment, which ratified the rights of DW to pursue all claims. According to the terms of the agreement, Aina Le'a Inc. and Aina Le'a LLC granted Plaintiff the authority to prosecute all claims, thereby providing the necessary ratification. Furthermore, as the Supreme Court has recognized, " an assignee of a legal claim for money owed has standing to pursue that claim in federal court, even when the assignee has promised to remit the proceeds of the litigation to the assignor." *Sprint Communications Co., L.P. v. APCC Services, Inc.,* 554 U.S. 269, 269, 128 S.Ct. 2531, 171 L.Ed.2d 424 (2008).

Here, Plaintiff will remit the proceeds that belong to Aina Le'a Inc. and Aina Le'a LLC if it prevails; yet they also retain rights for first $17 million. Aina Le'a Inc. and Aina Le'a LLC has assigned their rights to the takings claims to DW and thus, DW should be permitted to pursue all claims against the Defendants and not solely the rights belonging only to DW.

Conversely, Aina Le'a Inc. and Aina Le'a LLC should be permitted to join under Rule 17(a) since the State sought to dismiss the action because Aina Le'a Inc. and Aina Le'a LLC were not parties and they claimed that these entities were the responsible parties in this action.

Under Rule 17(a), the parties may use the joinder rules to join any party who is considered the real party in interest in a matter. This provision of Rule 17(a) " provides that formal joinder or substitution of the real party in interest will not be necessary when [the real party in interest] ratifies commencement of the action." *Big John, B.V. v. Indian Head Grain Co.,* 718 F.2d 143, 147 (5th Cir.1983) (citation omitted). " [P]roper ratification requires [the] ratifying party to authorize continuation of [the] action and agree to be bound by the result." *Wieburg,* 272 F.3d at 307 (citing *Naghiu v. Inter-Continental Hotels Group, Inc.,* 165 F.R.D. 413, 421 (D.Del.1996)).

It is certain that the trial court acknowledged that Aina Lea Inc. and Aina Lea LLC were the real party in interest. Therefore, it is submitted that the Plaintiff-Appellant should have been permitted to add Aina Le'a Inc. and Aina Le'a LLC as additional parties, or at the very least, permit the Plaintiff-Appellant to assert the claims belonging to these entities pursuant to the assignment of rights agreement between the relevant parties.

24

### D. PLAINTIFF SHOULD BE PERMITTED TO EXTEND DEADLINE TO SUBMIT EXPERT REPORT

The Plaintiff-Appellant made an application to reset the scheduling order upon remand of the instant case following the Decision from the Ninth Circuit. One of the reasons being that the deadline to submit an expert report expired during the pendency of the prior summary judgment motions, which required the Plaintiff-Appellant to exert enormous resources to provide supplemental responses with multiple court ordered hearings. As such, the Plaintiff-Appellant has requested that the deadline to submit expert reports be modified to permit the submission of expert reports.

Requests for extensions of time made after the applicable deadline has passed are analyzed under a different standard. In addition to considering whether the movant has established good cause for such an extension, the Court may extend a deadline that has already passed "if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B). Excusable neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,'

courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian*, 624 F.3d at 1261 (citations omitted).

In this case, it is understood that on the prior summary judgment motion, the Court granted the Defendants' motion and dismissed the Plaintiff's complaint in its entirety. The matter was appealed to the Ninth Circuit Court of Appeals and the decision and order was reversed and remanded. Upon remand, the Court conducted a conference and held that Plaintiff may not designate an expert and reset the time and granted an extension of time for the Defendants to submit their expert report. As such, it is certain that there is no danger of prejudice by permitting the Plaintiff-Appellant to submit its expert report. The length of the delay would not be significant in this case. The reason for the delay is that the Plaintiff was engaged in opposing the summary judgment motion. Thus, the Plaintiff utilized its limited resources in combing through thousands of discovery documents as well as performing legal research to oppose the summary judgment motion as well as preparing supplemental submissions as directed

26

by the Court during this period of time. Therefore, the Plaintiff acted in good faith. *See, Pioneer*, 507 U.S. at 385-89 (explaining that a finding of "excusable neglect" encompasses acts of carelessness by counsel, and thus, when considering whether the third factor weighs in favor of a finding of excusable neglect, it is not necessary that the "reason for the delay" be a reason outside of the movant's control). However, as stated, the Court finds that the reason for the delay here is counsel's carelessness, and as the Supreme Court explained in *Pioneer*, out-of-time filings delayed by "excusable neglect" most commonly include "omissions caused by carelessness."

As such, it is respectfully submitted that the failure to submit an expert report was excusable neglect and thus, upon remand, the Plaintiff-Appellant should be permitted to designate and submit an expert report in order for the case to be decided on the merits based on the interest of justice.

### E. DW BECAME A LIEN HOLDER OF ALL CLAIMS BELONGING TO AINA LE'A INC. AND AINA LE'A LLC

Aina Le'a Inc. filed for Chapter 11 protection in the United States Bankruptcy Court. DW retained the right to collect the first $17 million from Aina Le'a Inc. As such, if Aina Le'a Inc.'s damages arising from this

27

litigation was $50 million, then DW would be entitled to $17 million and Aina Le'a Inc. would be entitled to the remaining amount of $34 million. Thus, any amount greater than the first $17 million would belong to Aina Le'a Inc. pursuant to the bankruptcy disclosure when Aina Le'a Inc. filed for Chapter 11 protection in the United States Bankruptcy Court.

During the bankruptcy proceedings, full disclosure was made to the Court. This disclosure was made to preserve the claim in order to avoid preclusion under bankruptcy laws. The right to receive $17 million was retained by DW.

The Bankruptcy filing identified the instant action, namely that DW was the party prosecuting all claims on behalf of Aina Le'a Inc. Thus, Aina Le'a Inc. is a lien holder of the damages DW receives from the instant action. As such, DW should be permitted to prosecute Aina Le'a Inc. and Aina Le'a LLC's damages in the instant action, However, DW would be required to turn over any proceeds beyond $17 million to Aina Le'a Inc. Thus, the District Court should have permitted the Plaintiff-Appellant to present all damages, including Aina Le'a Inc. and Aina Le'a LLC's damages rather than precluding these damages.

### F. UPON REVERSAL, THE SCHEDULING ORDER SHOULD BE AMENDED TO PERMIT DW TO SUBMIT EVIDENCE, INCLUDING EXPERT OPINION IN REGARD TO AINA LE'A INC. AND AINA LE'A LLC'S DAMAGES

It is respectfully submitted that DW and its related entities engaged in the development of the project. DW was the master developer and its related entities engaged in the development of the land as a single team. DW worked together with its related entities to develop the property. With this said, it is submitted that in the event that this Court grants this appeal and permits DW to assert Aina Lea Inc and Aina Lea LLC's claims, then all of the decisions, including decisions from the State's *in limine* motions should be set aside or reversed since these motions were based on the underlying preclusion of DW assertion of any damages that belonged to Aina Lea Inc. and Aina Lea LLC.

Dated:      Bayside, New York
            June 20, 2024

                                        Respectfully Submitted,


                                        _____/s/ Sang J. Sim_____
                                        By SANG J. SIM, ESQ.


29

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**FORM 17. STATEMENT OF RELATED CASES PURSUANT TO CIRCUIT RULE 28-2.6**

**9th Cir. Case Number(s) 24-1549, 24-1223**

The undersigned attorney states the following:

[x] I am aware of one or more related cases currently pending in this court.
The case number and name of each related case and its relationship to this case are:

1) DW Aina Le'a Development, LLC v. Bridge Aina Le'a, LLC, 134 Haw. 187, 339 P.3d 685 (2014).

2) DW Aina Le'a Dev., LLC v. Haw. Land Use Commission, 918 F.3d 602 (9th Cir. 2019)

3) DW Aina Le'a Dev., LLC v. Haw. Land Use Commission, 477 P.3d 836 (Haw. 2020)

4) In re Aina Le'a, Inc., Debtor and Debtor-in-Possession, U.S. Bankruptcy Court - Hawaii #17-00611

5) Bridge Aina Le'a, LLC v Haw. Land Use Comm'n, 950 F3d 610 [9th Cir 2020]

**Signature** _____*/s/ Sang J. Sim*_____ **Date**___6/20/2024_____

30

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### FORM 8. CERTIFICATE OF COMPLIANCE FOR BRIEFS

**9th Cir. Case Number(s) 24-1549, 24-1223**

I am the Appellate Counsel for Plaintiff-Appellant DW AINA LE'A
DEVELOPMENT, LLC.

**This brief contains <u>6268</u> words,** excluding the items exempted by Fed. R.
App. P. 32(f). The brief's type size and typeface comply with Fed. R. App.
P. 32(a)(5) and (6).

I certify that this brief [ x ] complies with the word limit of Cir. R. 32-1.

[x] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-
1.

**Signature** _____*s/ Sang J. Sim*__ _____ **Date** _____6/20/2024_____

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

Form 18. Certificate for Paper Copy of Electronic Brief

9th Cir. Case Number(s) **24-1549, 24-1223**

My name is **Sang J. Sim**. I certify that this brief is identical to the version

submitted electronically on (date): **June 20, 2024**

**Signature** _____*s/ Sang J. Sim*_____ **Date** _____6/20/2024_____